UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARIUS SIMMONS,

                                                  Civil Action No. 20-cv-12750
                Plaintiff,            Honorable Bernard A. Friedman
                                                  Magistrate Judge David R. Grand

COLONIAL LIFE & ACCIDENT
INSURANCE COMPANY aka;
COLONIAL, COLONIAL LIFE,
COLONIAL LIFE INSURANCE
COMPANY,
                Defendant.
_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION
FOR PRELIMNARY INJUNCTION (ECF No. 2) AND AMENDMENT
TO MOTION FOR PRELIMINARY INJUNCTION (ECF No. 7)**

**I.    REPORT**

    **A.    Background**

On October 5, 2020, Plaintiff Darius Simmons ("Simmons") filed a complaint in this matter against Colonial Life and Accident Insurance Company ("Colonial"). (ECF No. 1.) Simmons seems to allege that he entered into a Sales Representative Agreement (the "Agreement") with Colonial on April 21, 2020. (ECF No. 1, PageID.12; ECF No. 2, PageID.176-86.) Simmons contends that the parties had contemplated he would sell life insurance policies to churches across the country on the lives of their members. (ECF No. 1, PageID.16-17.) However, the Agreement does not appear to have any such specific focus, and instead seems to be a form agreement pursuant to which Colonial appoints individuals to serve as sales representatives of the company, selling its insurance policies in jurisdictions in which the representative is licensed. Indeed, the Agreement states that the "principal business activity of SR [sales representative] under this Agreement is to

(a) open accounts and maintain effective enrollment conditions; (b) coordinate enrollments and schedule reworks; (c) enroll accounts and solicit applications for insurance; and (d) service accounts and policyholders within accounts." (ECF No. 2, PageID.176.) The Agreement also contains an integration clause which states, "This Agreement contains the complete Agreement between the parties and each party hereby warrants that there are no prior agreements or representations that are not set forth herein." (*Id.*, PageID.186.)

Simmons claims that after he began taking steps necessary to make sales, he "was told that [Colonial] does not have a product in which a 501c3 [sic] corporation can own policies on their members." (ECF No. 1, PageID.94.) Thus, Simmons claims he lost the opportunity to sell life insurance policies to 40,000+ churches, while foregoing other opportunities. On August 3, 2020, Simmons wrote to a representative of Colonial, presenting an "Affidavit" in which Simmons contended that Colonial owed him a "debt" of $4,800,000,000.00 and that if Colonial did not pay that amount or otherwise respond within ten days, Colonial would be deemed to have agreed to pay Simmons the $4.8 billion he claims it owed him. (*Id.*, PageID.95.) Colonial did not respond, however, and Simmons then commenced this action.

In his complaint, Simmons alleges that Colonial breached, and/or fraudulently induced him to enter into the Agreement, causing him to suffer $14,400,000,000.00 in total damages – $9.6 billion in "lost profits" and $4.8 billion in other damages, such as injury to reputation and emotional distress. (*Id*., PageID.40-41.)

Concurrently with his complaint, Simmons filed a Motion for Preliminary Injunction, asking the Court to (1) preclude Colonial from contesting the fraudulent misrepresentations alleged by Simmons; (2) deem Colonial to have accepted Simmons' assertion that Colonial owed him a "debt" of $4.8 billion; and (3) "rescind the [] [Agreement] preliminarily and permanently." (ECF

2

No. 2, PageID.174.)  Simmons filed an amendment to this motion on November 12, 2020, in an attempt to address the Sixth Circuit's "four factor test" for preliminary injunctions.  (ECF No. 7, PageID.208.)  Although it appears Colonial was not served with process until around November 16, 2020, counsel have now entered appearances on its behalf, responded to Simmons' preliminary injunction motion, and moved to dismiss his complaint.  The Court need not wait for Simmons to file a reply; his motion is so lacking in merit as to be frivolous, such that the Court could have denied it *sua sponte.*

For the reasons stated below, Simmons' motion for preliminary injunction should be denied.[1]

### B.     Applicable Legal Standards

Preliminary injunctions "are extraordinary remedies designed to preserve the relative positions of the parties until further proceedings on the merits can be held." *Koetje v. Norton*, No. 13-12739, 2013 WL 8475802, at *2 (E.D. Mich. Oct. 23, 2013).  Whether to grant such relief is a matter within the district court's discretion.  *See Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540 (6th Cir. 2007).

Courts consider four factors in determining whether to grant a request for a preliminary injunction.  *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008).  Those factors are: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) whether issuance of the injunction will cause substantial harm to others; and (4) whether the public interest is served by issuance of the injunction.  *Id.* (citing *Ne. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999,

---

[1] On October 20, 2020, this case was referred to the undersigned for all pretrial purposes pursuant to 28 U.S.C. § 636(b).  (ECF No. 4.)

1009 (6th Cir. 2006)).

    **C.    Analysis**

Examining Simmons' motion for preliminary injunction against the above standards, it is clear that he has failed to show that he is entitled to the immediate injunctive relief he requests. With respect to the first factor, he has not established a strong likelihood of success on the merits. Although Simmons states, "[t]he evidence, exhibits, admissions, affidavits and facts of this case weigh heavily in [his] favor," and attaches many pages of e-mails, exhibits and affidavits to his complaint, he fails to show how any of this evidence illustrates a likelihood of success on the merits. (ECF No. 7, PageID.208; ECF Nos 1; 1-1.) As noted above, the Agreement does not jive with Simmons' assertions about the types of insurance products he was to sell for Colonial. Moreover, even if it did, Simmons has not shown any particular sale he was prevented from making, or any particular opportunity that he lost as a result of Colonial's alleged conduct. To the extent Simmons asks the Court to preclude Colonial from challenging his allegations of fraud, there is simply no basis for that in the law; in the event this case moves past the motion to dismiss stage, the parties will be permitted to conduct discovery pursuant to the Federal Rules of Civil Procedure so that they can attempt to bolster their respective positions and defend against each other's. Finally, Simmons' argument that Colonial's silence in response to Simmons' Affidavit regarding the purported $4.8 billion debt constitutes its "acceptance" of that debt is frivolous. The Agreement between the parties does not provide for such a mechanism of establishing one side's liability to the other, and Simmons has presented no legal authority that would allow him to unilaterally set the terms under which Colonial would be deemed to have assented to his assertion of a debt.

While the foregoing is clearly fatal to Simmons' instant motion for preliminary injunction,

*Gonzales v. Nat'l Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000), the Court also notes that the Agreement contains an arbitration clause that seems to preclude Simmons from bringing his claims in this Court in the first place.  Specifically, the Agreement provides, "Except as otherwise provided in this section, every claim, controversy or dispute arising out of or related to this Agreement, or the breach thereof, which cannot be settled through negotiation shall be settled by binding arbitration administered by the American Arbitration Association (AAA) pursuant to the AAA's Commercial Arbitration Rules."  (ECF No. 2, PageID.186.)  As such, it appears that Simmons' entire case is subject to dismissal, which is another basis for the Court denying his motion for immediate injunctive relief.[2]

Simmons also has failed to show that he will suffer irreparable harm without immediate injunctive relief.  Simmons alleges strictly financial and other losses that can be compensated with money damages, neither of which constitute "irreparable" harm.  *See Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992) ("A plaintiff's harm is not irreparable if it is fully compensable by money damages."); *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 579 (6th Cir. 2002) ("[t]he fact that an individual may lose his income for some extended period of time does not result in irreparable harm, as income wrongly withheld may be recovered through monetary damages in the form of back pay."); *Sutton Leasing, Inc. v. Veterans Rideshare, Inc.*, 468 F. Supp. 3d 921, 938 (E.D. Mich. 2020).  And, although Simmons asks the Court to "rescind and void the Appointment Sales Representative contract preliminarily and permanently as it was entered into under fraudulent inducement," he has not identified any specific injury that he will suffer by the Court not granting that relief at this time.  Accordingly, Simmons has failed to show

---

[2] The Court will issue a separate Order to Show Cause, directing Simmons to explain why, in light of the Agreement's arbitration clause, the Court should not dismiss the case.

5

that he will suffer irreparable harm in the absence of the immediate injunctive relief he seeks.

The final two factors also weigh in favor of denying Simmons' motion for immediate injunctive relief. Colonial would clearly be harmed by this Court preventing it from defending itself against Simmons' allegations and his contention that Colonial owes him a "debt" of multiple billions of dollars. The public would not be served by this Court ordering injunctive relief that is so clearly unwarranted.

## II. RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that Simmons' Motion for Preliminary Injunction (**ECF No. 2**) and Amendment to Motion for Preliminary Injunction (**ECF No. 7**) be **DENIED**.

Dated: December 14, 2020  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir.

2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 14, 2020.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
