UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARIUS SIMMONS,

      Plaintiff,                                        Civil Action No. 20-CV-12750

vs.                                                 HON. BERNARD A. FRIEDMAN

COLONIAL LIFE & ACCIDENT
INSURANCE COMPANY,

      Defendant.
_____/

## OPINION AND ORDER ACCEPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is presently before the Court on plaintiff's motion for preliminary injunction [docket entry 2] and plaintiff's "amendment to petition for declaratory judgement and preliminary injunction" [docket entry 7].  Magistrate Judge David R. Grand has issued a Report and Recommendation ("R&R") recommending that both motions be denied.  Plaintiff has filed objections to the R&R.  Pursuant to Fed. R. Civ. P. 72(b)(3), the Court reviews de novo any part of the R&R to which a proper objection has been made.

The magistrate judge summarized plaintiff's complaint and motion for a preliminary injunction as follows:

> On October 5, 2020, Plaintiff Darius Simmons ("Simmons") filed a complaint in this matter against Colonial Life and Accident Insurance Company ("Colonial"). (ECF No. 1.)  Simmons seems to allege that he entered into a Sales Representative Agreement (the "Agreement") with Colonial on April 21, 2020. (ECF No. 1, PageID.12; ECF No. 2, PageID.176-86.)  Simmons contends that the parties had contemplated he would sell life insurance policies to churches across the country on the lives of their members. (ECF No. 1, PageID.16-17.)  However, the Agreement does not appear to have any such specific focus, and instead seems to be a form agreement

> pursuant to which Colonial appoints individuals to serve as sales representatives of the company, selling its insurance policies in jurisdictions in which the representative is licensed. Indeed, the Agreement states that the "principal business activity of SR [sales representative] under this Agreement is to (a) open accounts and maintain effective enrollment conditions; (b) coordinate enrollments and schedule reworks; (c) enroll accounts and solicit applications for insurance; and (d) service accounts and policyholders within accounts." (ECF No. 2, PageID.176.) The Agreement also contains an integration clause which states, "This Agreement contains the complete Agreement between the parties and each party hereby warrants that there are no prior agreements or representations that are not set forth herein." (*Id*., PageID.186.)
>
> Simmons claims that after he began taking steps necessary to make sales, he "was told that [Colonial] does not have a product in which a 501c3 [sic] corporation can own policies on their members." (ECF No. 1, PageID.94.) Thus, Simmons claims he lost the opportunity to sell life insurance policies to 40,000+ churches, while foregoing other opportunities. On August 3, 2020, Simmons wrote to a representative of Colonial, presenting an "Affidavit" in which Simmons contended that Colonial owed him a "debt" of $4,800,000,000.00 and that if Colonial did not pay that amount or otherwise respond within ten days, Colonial would be deemed to have agreed to pay Simmons the $4.8 billion he claims it owed him. (*Id*., PageID.95.) Colonial did not respond, however, and Simmons then commenced this action.
>
> In his complaint, Simmons alleges that Colonial breached, and/or fraudulently induced him to enter into the Agreement, causing him to suffer $14,400,000,000.00 in total damages – $9.6 billion in "lost profits" and $4.8 billion in other damages, such as injury to reputation and emotional distress. (*Id*., PageID.40-41.)
>
> Concurrently with his complaint, Simmons filed a Motion for Preliminary Injunction, asking the Court to (1) preclude Colonial from contesting the fraudulent misrepresentations alleged by Simmons; (2) deem Colonial to have accepted Simmons' assertion that Colonial owed him a "debt" of $4.8 billion; and (3) "rescind the [] [Agreement] preliminarily and permanently." (ECF No. 2, Page ID.174.) Simmons filed an amendment to this motion on November 12, 2020, in an attempt to address the Sixth Circuit's "four factor test" for preliminary injunctions. (ECF No. 7, PageID.208.)

R&R at 1-3.

The magistrate judge recommends that plaintiff's motion for a preliminary injunction, and his "amendment to petition for declaratory judgement and preliminary injunction," be denied because plaintiff has shown neither that he is likely to succeed on the merits nor that he will suffer irreparable harm if emergency injunctive relief is denied. After stating the applicable legal standards, the magistrate judge explained his reasoning as follows:

> Examining Simmons' motion for preliminary injunction against the above standards, it is clear that he has failed to show that he is entitled to the immediate injunctive relief he requests. With respect to the first factor, he has not established a strong likelihood of success on the merits. Although Simmons states, "[t]he evidence, exhibits, admissions, affidavits and facts of this case weigh heavily in [his] favor," and attaches many pages of e-mails, exhibits and affidavits to his complaint, he fails to show how any of this evidence illustrates a likelihood of success on the merits. (ECF No. 7, PageID.208; ECF Nos 1; 1-1.) As noted above, the Agreement does not jive with Simmons' assertions about the types of insurance products he was to sell for Colonial. Moreover, even if it did, Simmons has not shown any particular sale he was prevented from making, or any particular opportunity that he lost as a result of Colonial's alleged conduct. To the extent Simmons asks the Court to preclude Colonial from challenging his allegations of fraud, there is simply no basis for that in the law; in the event this case moves past the motion to dismiss stage, the parties will be permitted to conduct discovery pursuant to the Federal Rules of Civil Procedure so that they can attempt to bolster their respective positions and defend against each other's. Finally, Simmons' argument that Colonial's silence in response to Simmons' Affidavit regarding the purported $4.8 billion debt constitutes its "acceptance" of that debt is frivolous. The Agreement between the parties does not provide for such a mechanism of establishing one side's liability to the other, and Simmons has presented no legal authority that would allow him to unilaterally set the terms under which Colonial would be deemed to have assented to his assertion of a debt.

\* \* \*

Simmons also has failed to show that he will suffer

> irreparable harm without immediate injunctive relief. Simmons alleges strictly financial and other losses that can be compensated with money damages, neither of which constitute "irreparable" harm. *See Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992) ("A plaintiff's harm is not irreparable if it is fully compensable by money damages."); *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 579 (6th Cir. 2002) ("[t]he fact that an individual may lose his income for some extended period of time does not result in irreparable harm, as income wrongly withheld may be recovered through monetary damages in the form of back pay."); *Sutton Leasing, Inc. v. Veterans Rideshare, Inc.*, 468 F. Supp. 3d 921, 938 (E.D. Mich. 2020). And, although Simmons asks the Court to "rescind and void the Appointment Sales Representative contract preliminarily and permanently as it was entered into under fraudulent inducement," he has not identified any specific injury that he will suffer by the Court not granting that relief at this time. Accordingly, Simmons has failed to show that he will suffer irreparable harm in the absence of the immediate injunctive relief he seeks.

R&R at 4-6 (footnote omitted).

In his objections, plaintiff does nothing more than repeat and amplify the allegations in his complaint that defendant defrauded him and/or breached its contractual obligations to him and/or is estopped from denying that it is liable to him. Plaintiff does not explain why he believes the magistrate judge erred in presenting the facts or analyzing the law as it relates to plaintiff's request for a preliminary injunction.

The Court has independently reviewed the complaint and plaintiff's motion and finds no error in the magistrate judge's R&R. A preliminary injunction is an "extraordinary remedy never awarded as of right," and the party seeking it has the burden of proving, among other things, that he is likely to succeed on the merits and that he is likely to suffer irreparable harm in the absence of preliminary relief. *Adams & Boyle, P.C. v. Slatery*, 956 F.3d 913, 923 (6th Cir. 2020) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). As the

magistrate judge correctly notes, plaintiff has not shown that he is likely to succeed on the merits or that he would suffer irreparable harm if the Court denies him the immediate relief he seeks. In short, the Court agrees with the magistrate judge that plaintiff has failed to show his entitlement to a preliminary injunction. Accordingly,

IT IS ORDERED that Magistrate Judge Grand's R&R is hereby accepted and adopted as the findings and conclusions of the Court.

IT IS FURTHER ORDERED that plaintiff's motion for a preliminary injunction and his "amendment to petition for declaratory judgement and preliminary injunction" are denied.

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge

Dated: December 30, 2020
Detroit, Michigan

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 30, 2020.

Darius Simmons
428 Beechwood
River Rouge, MI 48218

s/Johnetta M. Curry-Williams
Case Manager

5